HUNTER, JR., Robert N., Judge, Dissenting.
I respectfully dissent from the majority reversing the trial courts' grants of Defendant's motion to suppress. Instead, I would affirm the trial courts' orders.
"The standard of review in evaluating a trial court's ruling on 'a motion to suppress is whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law.' " State v. Hammonds , 370 N.C. 158, 161, 804 S.E.2d 438, 441 (2017) (quoting State v. Jackson , 368 N.C. 75, 78, 772 S.E.2d 847, 849 (2015) ). "If no exceptions are taken to findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal." State v. Baker , 312 N.C. 34, 37, 320 S.E.2d 670, 673 (1984) (internal quotation marks and citation omitted). "Where the findings of fact support the conclusions of law, such findings and conclusions are binding upon us on appeal." State v. Wynne , 329 N.C. 507, 522, 406 S.E.2d 812, 820 (1991) (citation omitted). "[T]he trial court's ruling on a motion to suppress is afforded great deference upon appellate review as it has the duty to hear testimony and weigh the evidence." State v. McClendon , 130 N.C. App. 368, 377, 502 S.E.2d 902, 908 (1998) (citation omitted).
Both Defendant and the State cite to numerous cases addressing probable cause to arrest for driving while impaired. The State, and the majority, primarily rely on State v. Townsend , 236 N.C. App. 456, 762 S.E.2d 898 (2014). While the findings of fact sub judice are analogous to some of the findings of fact in Townsend , differences between the orders are critical.
In Townsend , an officer stopped defendant at a checkpoint. Id. at 458, 762 S.E.2d at 901. The officer noticed defendant's "bloodshot eyes" and smelled a "moderate odor of alcohol about his breath." Id. at 458, 465, 762 S.E.2d at 901, 905. Defendant told the officer he drank "a couple of beers earlier" and stopped drinking an hour before the stop. Id. at 465, 762 S.E.2d at 905. The officer administered two alco-sensor tests, both *884 which tested position for alcohol. Id. at 458, 465, 762 S.E.2d at 901, 905. Additionally, defendant "exhibited clues" of impairment during three different field sobriety tests. Id. at 458, 465, 762 S.E.2d at 901, 905.
The trial court denied defendant's motion to suppress for lack of probable cause, and defendant appealed. Id. at 459, 762 S.E.2d at 901-02. Our Court cited the facts stated supra and the trial court's acknowledgement of *232 the officer's twenty-two years' of experience. Id. at 465, 762 S.E.2d at 905. Accordingly, our Court concluded the officer had probable cause to arrest defendant. Id. at 465, 762 S.E.2d at 905.
Here, unlike in Townsend , the trial courts entered several findings weighing against a conclusion of probable cause.[1] First, Officer Anderson did not administer an alco-sensor test. Regarding Defendant's admission of drinking the night of the checkpoint, the order contains no findings of exactly when Defendant drank in the night. Cf. id. at 465, 762 S.E.2d at 905 (the trial court found defendant admitted to drinking "a couple of beers" and stopped drinking an hour before officers stopped him). Moreover, the trial courts found no facts about Officer Anderson's experience, distinguishing this case from Townsend . See id. at 465, 762 S.E.2d at 905. Of significant importance, while Officer Anderson testified as to the number of "clues" indicating impairment during the horizontal gaze nystagmus test, the trial courts entered no findings on the number of clues. Indeed, the finding regarding the horizontal gaze nystagmus test states Officer Anderson "found clues of impairment[,]" without stating the number. In addition to the findings of fact included in the majority, the trial courts found Defendant did not slur his speech, did not drive unlawfully or "bad[ly,]" answered Officer Anderson's questions, and was not "unsteady" on his feet.
The uncontested findings of fact support the trial courts' conclusions Officer Anderson lacked probable cause to arrest Defendant. Additionally, Townsend , as distinguished from the case sub judice , does not mandate reversal. Affording the trial courts "great deference" on the ruling on a motion to suppress, I would affirm the trial courts' orders. McClendon , 130 N.C. App. at 377, 502 S.E.2d at 908. Accordingly, I respectfully dissent.

The State does not challenge any of the findings of fact. Thus, the findings are binding on appeal. Baker , 312 N.C. at 37, 320 S.E.2d at 673 (citation omitted). In his appellee brief, Defendant challenges two findings of fact. However, Defendant did not cross-appeal.